STATE OF MISSOURI EX REL. S. MORITZ, RELATOR, v. HON. RAY G. COWAN, JUDGE, ETC., RESPONDENT.—81 S. W. (2d) 349.

Kansas City Court of Appeals. April 1, 1935.

*Lee Seelig* and. *Pauline Seelig* for relator.

No brief for respondent.

TRIMBLE, J.—An original proceeding in mandamus brought by S. Moritz, Relator, against Hon. Ray G. Cowan, Judge of Division 7 of the Circuit Court of Jackson County, Missouri, wherein Relator seeks to compel said Judge to set aside his order of October 9, 1934, overruling Moritz's motion to set aside the order allowing one Roger H. Woodman, an appeal to the Supreme Court, and to refrain "from making any further orders in said cause other than those regarding the conduct of said receivership."

After stating at least a portion of the many, if not multitudinous, objects sought in the application for the writ of mandamus, it is

748

perhaps well to briefly set forth the facts out of which the mandamus sought herein grew.

On June 8, 1927, Charles H. Weir and wife, owners by the entirety of Lot 10, Block 8 in New Bedford Heights Addition to Kansas City, in Jackson County, Missouri, gave a deed of trust thereon to Lee D. Seelig, trustee for S. Moritz, to secure a note for $6500 payable to Moritz and probably also to secure the payment of taxes, insurance, improvements and repairs necessary to be paid and made as time went on.

Afterwards, said property, an apartment house, was duly conveyed to various successive owners, until it came into the ownership of said Robert H. Woodman on June 27, 1934, presumably, though not so stated, subject to the deed of trust above mentioned.

The debt secured thereby became in default, and the property was advertised by the trustee, and in a proper foreclosure proceeding, the trustee, on August 1, 1934, sold said property at public sale to relator Moritz, the beneficiary and holder of said note in said deed of trust, though it seems that the property was bought in for him and taken in the name of one P. Epstein, who was his agent.

It is alleged in the application for mandamus that at said foreclosure sale, Roger H. Woodman, the then record title owner, was present with his attorney and gave written notice to the trustee of his, Woodman's intention to redeem said property, and, on August 2, 1934, filed in the Circuit Court of Jackson County, Missouri, his petition and bond to redeem said property under sections 3063 and 3064, Revised Statutes 1929 (3 Mo. St. Ann., pp. 1892-1896).

Woodman, in his petition to redeem, states that Epstein bought the property at foreclosure sale for and on behalf of Moritz, now the relator herein, and who is still the owner and holder of the debt secured by the deed of trust aforesaid; that Moritz is a resident of New Orleans, in the State of Louisiana, and is now represented by his agent, Morris Seelig, in Kansas City, Missouri.

The bond to redeem filed by Woodman was approved by the Hon. BROWN HARRIS, Judge of Division 4, acting as Assignment Judge for the May term, 1934, and at the same time Moritz, applicant herein for the writ of mandamus, filed petition for the appointment of a receiver on the ground that the property was an apartment house with an income of $100 per month; and delinquent taxes are due, as well as insurance premiums will fall due during the period of alleged right to redeem, and by reason of the fact that the petitioner to redeem, Roger H. Woodman, has refused to pay any of said expenses, and for other reasons not necessary to set forth here. A receiver was appointed who gave bond which was also approved and said receiver was given power to collect and receive the rents,

and to manage the property until the further order of the court.

Various motions were made thereafter in said proceeding entitled "In the matter of the redemption of real estate by Roger H. Woodman," the nature of which are unnecessary to state, and also an application for a change of venue was made, all such matters finally resulting in the cause being transferred to Judge Cowan of Division No. 7; and in the overruling of motions of Moritz, and Woodman's motion to set aside the appointment of a receiver and in the sustention of Woodman's appeal to the Supreme Court. Whereupon relator Moritz brought mandamus.

One of the judges of our court issued the alternative writ and on the return day set, the court heard the cause, and the question of whether the peremptory writ shall be issued is now before us.

Briefs have been filed in behalf of relator, but we have not been favored with any brief in behalf of respondent.

A question occurs to us, which is not met or considered by the applicant in any way, and that is: How can this court, by mandamus or any other method, control or prevent an appeal to the Supreme Court? Whatever may be our views as to where lies jurisdiction of the appeal herein taken, that appeal has already been allowed, and the court to which it has gone is the court to pass upon that matter. For aught that we know, not only may title to the real estate be involved owing to some peculiar circumstances not revealed, but the amount involved may exceed the limit of our jurisdiction. At any rate, respondent has allowed the appeal complained of, to the Supreme Court, and that tribunal is the one to say whether it was correctly done or not. The alternative writ is quashed and the peremptory writ denied. All concur.